IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MIKE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| CHERI TOALSON REISCH, in her | ) | |
| individual and official capacities as | ) | |
| Representative of the 44th District of | ) | |
| the Missouri House of Representatives, | ) | |
| | ) | |
| Defendant. | ) | ***JURY TRIAL DEMANDED*** |

**COMPLAINT**

1. Plaintiff Mike Campbell ("Campbell") brings this action under 42 U.S.C. § 1983 to vindicate his free speech rights and to prevent Defendant Missouri State Representative Cheri Toalson Reisch ("Representative Reisch") from limiting access to her Twitter account based on the viewpoint of her constituents.

2. Campbell is a Missouri resident, lawyer, and politically outspoken commentator on social media platforms such as Facebook and Twitter.

3. On or about June 23, 2018, Campbell exercised his constitutional rights to speak freely and to petition his government for redress of grievances by publishing statements critical of Representative Reisch in the comments

section of the Twitter account she uses to address and interact with her constituents.

4. Representative Reisch retaliated against Campbell for engaging in fully protected political speech by permanently blocking him from accessing or commenting on her Twitter account.

5. Representative Reisch's actions violated the First and Fourteenth Amendments to the Constitution of the United States because the comment section of her Twitter account is a designated public forum within which the State may not discriminate against speakers based on their viewpoint.

## Parties, Jurisdiction, and Venue

6. Campbell is an adult resident of Centralia, Missouri, and a registered voter in Representative Reisch's district.

7. Representative Reisch is an adult resident of Hallsville, Missouri and the current State Representative for the 44th District of the Missouri House of Representatives.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves issues of federal law.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1)-(2) because Representative Reisch resides in this District and a substantial part of the events giving rise to this action occurred in this District.

## General Allegations

### A. Twitter is a social media platform allowing users to express their opinions online and comment on the opinions of others.

10. Twitter is a social media platform with more than 300 million active users worldwide, including some 70 million in the United States.

11. The platform allows users to publish short messages to the general public called "tweets," to republish or respond to others' tweets, and to interact with other Twitter users.

12. A tweet may include photographs, videos, and hyperlinks but cannot exceed 280 characters.

13. Each Twitter user has a unique account name or "handle," which comprises an @ symbol followed by a word or phrase (*e.g.*, @RealDonaldTrump), and a descriptive name (*e.g.*, Donald J. Trump).

14. Users may choose to "follow" other Twitter account holders by searching for their handles and clicking the "follow" button.

15. A "followed" user's tweets automatically appear in the "following" user's Twitter feed—a continually updating scroll of new tweets from other users.

16. A user may comment on the tweets of other users, or she may "retweet" their tweets to her own followers.

17. Users may also see a log of their own past tweets, comments, and retweets, along with any comments or retweets they have received from their own followers.

18. Some Twitter users publish hundreds of tweets per day while others merely read the tweets that appear in their Twitter feed.

19. Twitter also allows its users to block particular users from following their tweets.

20. If the blocked user attempts to follow the blocking user, or to access the Twitter webpage from which the user is blocked, the blocked user will see a message indicating that the other user has blocked her from following the account and viewing the tweets associated with the account.

**B. Government officials frequently address and interact with their constituents through their Twitter accounts.**

21. Given its wide and instantaneous distribution, Twitter has become a common mode of communication between government officials and their constituents.

22. For example, President Trump frequently addresses the public by posting tweets from his personal Twitter account, @RealDonaldTrump, or his official account, @POTUS.

23. Like many members of the Missouri General Assembly, Representative Reisch has a Twitter account.

24. Representative Reisch uses the Twitter handle @CheriMO44.

25. On her Twitter page, Representative Reisch describes herself a "Christian, MO State Rep 44th District, Mother, Grandmother." (A copy of Representative Reisch's Twitter page is attached to this Complaint as Exhibit A.)

26. Representative Reisch uses her @CheriMO44 Twitter account to address her constituents, tout her accomplishments as a state representative, and promote her political agenda.

27. On May 18, 2018, for example, she retweeted a message from House Speaker Todd Richardson with the comment, "Thank you Mr. Speaker, you are a true gentleman. We worked hard and got the job done." (A copy of Representative Reisch's May 18 Tweet is attached to this Complaint as Exhibit B.)

28. Similarly, on May 23, 2018 she tweeted, "Great to have Governor @EricGreitens & Hallsville Mayor at the NRA Bianchi Cup today." (A copy of Representative Reisch's May 23 Tweet is attached to this Complaint as Exhibit C.)

29. On June 13, 2018 she tweeted, "Accomplished much in my 1st 2 years, ready for the next 2." (A copy of Representative Reisch's June 13 Tweet is attached to this Complaint as Exhibit D.)

## C. Representative Reisch blocks Twitter users who question or criticize her political views from following or commenting on her Twitter page.

30. On June 22, 2018, Representative Reisch tweeted about her appearance at a Boone County Farm Bureau event and questioned the patriotism of her political opponent, Democrat Maren Jones, writing, "Sad my opponent put her hands behind her back during the Pledge." (A copy of Representative Reisch's June 13 Tweet is attached to this Complaint as Exhibit E.)

31. On June 23, 2018, Representative Kip Kendrick criticized Reisch's tweet by commenting, "Maren's father was a Lieutenant in the Army. Two of her brothers served in the military. I don't question [Maren's] patriotism. That's a low blow and unacceptable from a member of the Boone County delegation." (A copy of Kendrick's comment to Reisch's June 13 Tweet is attached to this Complaint as Exhibit F.)

32. Campbell agreed with Representative Kendrick's criticism of Representative Reisch's tweet and retweeted it on his own Twitter page. (A copy of Campbell's retweet is attached to this Complaint as Exhibit G.)

33. After Campbell retweeted Kendrick's comment, Representative Reisch *permanently* blocked Campbell from accessing or commenting on her Twitter account. (A copy of the notice that Reisch blocked Campbell from her Twitter account is attached to this Complaint as Exhibit H.)

34. Reisch also blocked Representative Kendrick from following or commenting on her Twitter account.

35. On information and belief, Representative Reisch has blocked dozens of other Twitter users from seeing or commenting on her tweets, including many of her own constituents in the 44th House District.

36. On May 23, 2018, the United States District Court for the Southern District of New York ruled that President Trump violated the First Amendment rights of Twitter users whom he blocked from commenting on his @RealDonaldTrump or @POTUS accounts. *See Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541 (S.D.N.Y. 2018).

37. Representative Reisch's unlawful conduct in blocking Campbell from her Twitter account is indistinguishable from President Trump's conduct found unlawful in *Knight First Amendment Institute*.

38. Representative Reisch is charged with knowing the law, which was clearly established at the time she blocked Campbell in violation of the First Amendment.

## Count I – 42 U.S.C. § 1983
## Violation of the First and Fourteenth Amendments

39. Campbell incorporates into this Count by reference all previous allegations in this Complaint.

40. By using her Twitter account to engage in political discourse related to her official duties as a state representative and opening her account to comment by the general public, Representative Reisch has created a designated public forum.

41. The regulation of speech in a designated public forum is permissible only if narrowly drawn to achieve a compelling state interest.

42. Regulation of speech in a designated public forum based on the viewpoint of the speaker is presumptively unconstitutional.

43. Representative Reisch blocked Campbell from her Twitter account because he retweeted a comment critical of her political position.

44. Representative Reisch acted under color of state law when she blocked Campbell from her Twitter account.

45. Blocking Campbell from participating in the designated public forum she established on her Twitter page based on his viewpoint violates the Free Speech Clause of the First Amendment, which is made applicable to the State of Missouri and its elected officials through the Due Process Clause of the Fourteenth Amendment.

46. Blocking Campbell from interacting with his elected state representative on her public Twitter page because his speech is critical of her political positions is a prior restraint of fully protected political speech.

47. Blocking Campbell from the @CheriMO44 account imposes an unconstitutional viewpoint-based restriction on Campbell's right to free speech in a designated public forum.

48. Blocking Campbell from the @CheriMO44 account imposes an unconstitutional viewpoint-based restriction on Campbell's access to official statements his state representative otherwise makes available to the general public.

49. Blocking Campbell from the @CheriMO44 account imposes an unconstitutional viewpoint-based restriction on Campbell's ability to petition his state representative for redress of grievances.

50. Representative Reisch's unconstitutional conduct has directly and proximately caused harm to Campbell by depriving him of his rights under the First and Fourteenth Amendments.

51. Representative Reisch acted purposefully, maliciously, and with reckless disregard for Campbell's First Amendment Rights.

52. The harm to Campbell in the loss of First Amendment Rights is irreparable.

53. Campbell has no adequate remedy at law.

WHEREFORE, Plaintiff Mike Campbell respectfully requests that this Court enter judgment in his favor and against Defendant Cheri Toalson Reisch and grant him the following relief:

a. A declaration that Representative Reisch's blocking of Campbell's access to her Twitter account is a viewpoint-based restriction on speech in a designated public forum in violation of the First and Fourteenth Amendments to the Constitution of the United States;

b. A permanent injunction barring Representative Reisch from further blocking Campbell from her Twitter page based on the content or viewpoint of his speech;

c. A permanent injunction barring Representative Reisch from denying any other Twitter user access to her Twitter page based on the content or viewpoint of their speech;

d. An award of compensatory and punitive damages;

e. An award of Campbell's costs and reasonable attorneys' fees under 28 U.S.C. §§ 1988.

f. Any further relief the Court deems just and proper.

Respectfully submitted,

TGH LITIGATION LLC

/s/ J. Andrew Hirth

J. Andrew Hirth
MO Bar No. 57807
913 E Ash St
Columbia, MO 65201
573-256-2850
andy@tghlitigation.com

*Counsel for Plaintiff*