IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MIKE CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-CV-4129-BCW |
| CHERI TOALSON REISCH, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiffs' Unopposed Motion for Attorney's Fees. (Doc. #64). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

On June 27, 2018, Plaintiff Mike Campbell filed a claim under 42 U.S.C. §1983 for violations of his First and Fourteenth Amendment Rights against Defendant Cheri Toalson Reisch in her individual and official capacity as Representative of the 44th District of the Missouri House of Representatives. The Court held a bench trial on April 19, 2019 and entered judgment in favor of plaintiff and against Defendant on August 16, 2019. (Doc. #62). Thereafter, on December 31, 2019, Plaintiff filed the instant motion for attorney's fees. (Doc. #64). Defendant filed a motion for extension of time to respond to said motion, which the Court granted on January 21, 2020. However, Defendant did not file a response; the instant motion is thus unopposed.

In the motion before the Court, Plaintiff seeks attorney's fees in an amount of $51,680.00.

1

Case 2:18-cv-04129-BCW   Document 68   Filed 06/11/20   Page 1 of 4

## LEGAL STANDARD

Generally, a litigant is required to bear its own attorney fees, and "the prevailing party is not entitled to collect from the loser." Doe v. Nixon, 716 F.3d 1041,1048 (8th Cir. 2013) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-5 (2001)). However, an exception to this general rule results when explicit statutory authority provides for the award of fees. Id. Section 1983 contains such a provision: "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988

Attorneys' fees are available to successful litigants in civil rights cases to ensure effective access to the judicial process for litigants with meritorious claims. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). "To obtain an award of litigation costs a party must be a prevailing party, i.e. one who has been awarded some relief by the court." Rogers Grp., Inc. v. City of Fayetteville, 683 F.3d 903, 909 (8th Cir. 2012) (citing Buckhannon, 532 U.S. at 603).

The Court of Appeals for the Eighth Circuit has further observed the following relative to fee-shifting provisions and their purposes:

> to promote diffuse private enforcement of civil rights law by allowing the citizenry to monitor rights violated at their source, while imposing the costs of the rights violations on the violators. A plaintiff bringing a civil rights action does so not for himself alone but also as a private attorney general, vindicating a policy that Congress considered of the highest priority. [ . . . .]
> In order for such a policy to be effective, Congress felt it appropriate to shift the true full cost of enforcement to the guilty parties to eliminate any obstacle to enforcement. It is intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases . . . .

Casey v. City of Cabool, 12 F.3d 799, 805 (8th Cir. 1993) (citing S. Rep. No. 1011, 94th Cong., 2d Sess. 5 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5913) (internal citations and quotations omitted); Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968).

## ANALYSIS

Plaintiff seeks attorney's fees in an amount of $51,680.00. In support, Plaintiff argues he is the prevailing party in this civil rights action, which authorizes the Court to award him reasonable attorney's fees. Plaintiff further argues his lawyer's hourly rate was reasonable and the total amount of fees was fairly computed.

The first issue is whether Plaintiff is a prevailing party. Rogers Grp., Inc. v. City of Fayetteville, Ark., 683 F.3d 903, 909 (8th Cir. 2012). Consistent with the Court's judgment finding Defendant violated § 1983 (Doc. #62), the Court finds Plaintiff is the prevailing party. Hensley, 461 U.S. at 433 ("plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit"). Thus, unless there exist special circumstances rendering an award of fees unjust, the Court may properly award reasonable attorney's fees to Plaintiff. Hatfield v. Hayes, 877 F.2d 717, 719 (8th Cir. 1989) (prevailing party should recover fee absent special circumstances).

The second issue is whether the fees sought are reasonable. Reasonable attorney's fees means "reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing party, no more and no less." Blanchard v. Bergeron, 489 U.S. 87, 93 (1989).

"The starting point for determining a reasonable attorney fee is the 'lodestar' calculation: that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hour

3

rate." White v. McKinley, No. 05-0203-CV-W-NKL, 2009 WL 813372, at *2 (W.D. Mo. Mar. 26, 2009) (citing Hensley, 461 U.S. at 433; Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)).

The moving party should substantiate the amount of fees requested with documentation, "making a good faith effort to exclude hours that are excessive, redundant or otherwise unnecessary." White, 2009 WL 813372, at *2. "There is a strong presumption that the lodestar calculation represents a reasonable fee award." Id. at *3 (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992)).

In this case, Plaintiff argues his attorney's hourly rate, the number of hours expended in this case, and the computation of the lodestar are reasonable. The lodestar is computed with an hourly rate of $425 per hour for 121.6 hours of expended. Plaintiff asserts, and the Court agrees, $425 per hour is a reasonable rate for an experienced attorney in Missouri arguing a federal civil rights case. See Wickersham v. City of Columbia, No. 05-4061-CV-C-NKL, 2007 WL 1813194, at *1 (W.D. Mo. June 21, 2007) (finding $400 per hour to be a reasonable rate in a § 1983 action). Moreover, Plaintiff's attorney has submitted evidence to demonstrate that the 121.6 hours were spent on necessary tasks to provide adequate representation. (Doc. #65-1). The Court finds Plaintiff's billing records sufficiently detailed to conclude that 121.6 hours is a reasonable amount of time to expend on this litigation. Accordingly, it is

ORDERED Plaintiffs' Unopposed Motion for Attorney's Fees. (Doc. #64) is GRANTED. Counsel for Plaintiff shall be awarded $51,680.00 in reasonable attorney's fees incurred as a result of this litigation.

IT IS SO ORDERED.

DATE: June 11, 2020  /s/ Brian C. Wimes
                                                        JUDGE BRIAN C. WIMES
                                                        UNITED STATES DISTRICT COURT